Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4903 | **DATE** | October 15, 2012 |
| **CASE TITLE** | James A. Toliver (#2011-1110141) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail, and to issue summons for service of the complaint on the Defendants. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions for this Court.

■[ For further details see text below.]                                                   Docketing to mail notices.

# STATEMENT

     Plaintiff James Toliver, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 complaint against Cook County, Sheriff Tom Dart, Superintendent Bratlen, and Director of Program Services John Mueller. Plaintiff alleges that he practices a religion known as Wu Nu Wu Bu. Allegedly, Cook County Jail officials refuse Plaintiff materials to practice his religion or the ability to contact a volunteer from outside the jail to teach his religion or conduct services.

     The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Plaintiff is assessed an initial partial filing fee of $33.16. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

     Preliminary review of the allegations stated above, *see* 28 U.S.C. § 1915A, indicates that Plaintiff states a colorable cause of action such that the Defendants must respond to the complaint. *See Lindell v. McCallum,* 352 F.3d 1107, 1109-10 (7th Cir. 2003) (jail officers' prevention of the practice of religion, even an obscure one, may establish a constitutional, as well as a Religious Land Use and Institutionalized Persons Act (RLUIPA), violation).

     The Clerk shall issue summons for service of the complaint on Defendants Cook County, Sheriff Tom Dart, Superintendent Bratlen, and Director of Program Services John Mueller. The United States Marshals Service is appointed to serve them. Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of Defendants. The Marshal shall make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at Cook County Jail, officials there shall furnish the Marshal with the Defendant's last known address. The

| STATEMENT |
|---|
| information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall neither be disclosed by the Marshal nor kept in the Court's file. The Marshal is authorized to mail requests for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If waivers of service are not obtained, the Marshal shall then attempt personal service.<br><br>     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendants or their attorney, if one has entered an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |